Bruce G. Vanyo (SBN 60134)
bruce@katten.com
Paul S. Yong (SBN 303164)
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471

Michael J. Lohnes (admitted *pro hac vice*)
michael.lohnes@katten.com
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061

*Counsel for Defendants Anaplan Inc.,*
*Frank Calderoni, and David H. Morton*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FADEL SAKKAL, Individually and On Behalf of All Others Similarly Situated, | Case No. 20-cv-05959-RS |
| | CLASS ACTION |
| Plaintiff, | **DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT** |
| v. | |
| ANAPLAN INC., FRANK CALDERONI, and DAVID H. MORTON, | The Honorable Richard Seeborg |
| Defendants. | Date:  August 26, 2021 |
| | Time:  1:30 PM |
| | Courtroom:  3 |

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ..................................................................................................1

II.     LEGAL STANDARDS ..........................................................................................2

III.    THE COURT SHOULD CONSIDER DOCUMENTS PLAINTIFF RELIES ON
        TO BE INCORPORATED BY REFERENCE INTO THE COMPLAINT. .......................4

IV.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF SPECIFIC PORTIONS
        OF THE DOCUMENTS SUBMITTED BY DEFENDANTS. ..........................................7

V.      CONCLUSION....................................................................................................12

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY
REFERENCE AND JUDICIAL NOTICE  CASE NO. 20-CV-05959-RS

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Sec. Litig.*,
2020 WL 2857397 (N.D. Cal. June 2, 2020) ................................................................5, 9, 11

*Azar v. Yelp, Inc.*,
2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ...................................................................10, 12

*Bodri v. GoPro, Inc.*,
252 F. Supp. 3d 912 (N.D. Cal. 2017) ........................................................................................4

*In re Century Aluminum Co. Sec. Litig.*,
749 F. Supp. 2d 964 (N.D. Cal. 2010) .......................................................................................8

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012) ...................................................................................10

*In re Eventbrite, Inc. Sec. Litig.*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ............................................................................2

*In re Facebook, Inc. Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019) .....................................................................................12

*Golub v. Gigamon Inc.*,
2019 WL 4168948 (N.D. Cal. Sept. 3, 2019) .............................................................................7

*Gonzalez v. Planned Parenthood of L.A.*,
759 F.3d 1112 (9th Cir. 2014) ...................................................................................................1

*Hampton v. Aqua Metals, Inc.*,
2020 WL 6710096 (N.D. Cal. Nov. 16, 2020) ...........................................................................6

*In re Intel Corp. Sec. Litig.*,
2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)........................................................................3, 9

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ........................................................................................2, 3, 4, 8

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ...................................................................................................3

*Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ...........................................................................6

i

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

*Olagues v. Musk*,
　2019 WL 3457831 (N.D. Cal. July 31, 2019)..........................................................................7

*Paddock v. Dreamworks Animation SKG, Inc.*,
　2015 WL 12711653 (C.D. Cal. Apr. 1, 2015), *aff'd sub nom. Roofers Local
　No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x
　376 (9th Cir. 2017)...............................................................................................................1

*Park v. GoPro, Inc.*,
　2019 WL 1231175 (N.D. Cal. Mar. 15, 2019)..................................................................4, 10

*In re PetroChina Co. Ltd. Sec. Litig.*,
　120 F. Supp. 3d 340 (S.D.N.Y. 2015)...................................................................................6

*Philco Invs., Ltd. v. Martin*,
　2011 WL 4595247 (N.D. Cal. Oct. 4, 2011)...........................................................................1

*Prodanova v. H.C. Wainwright & Co., LLC*,
　2018 WL 8017791 (C.D. Cal. Dec. 11, 2018) .................................................................2, 7

*Ret. Sys. v. Sterling Fin. Corp.*,
　963 F. Supp. 2d 1092 (E.D. Wash. 2013) .............................................................................3

*Skilstaf, Inc. v. CVS Caremark Corp.*,
　669 F.3d 1005 (9th Cir. 2012) ..............................................................................................4

*Sprewell v. Golden State Warriors*,
　266 F.3d 979 (9th Cir. 2001) ................................................................................................1

*Steckman v. Hart Brewing Inc.*,
　143 F.3d 1293 (9th Cir. 1998) ..............................................................................................3

*In re SunPower Corp. Sec. Litig.*,
　No. 16-cv-04710-RS, 2018 WL 4904904 (N.D. Cal. Oct. 9, 2018) ........................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
　551 U.S. 308 (2007).........................................................................................................1, 2

*Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*,
　445 F. Supp. 3d 139 (N.D. Cal. 2020) .................................................................................12

*Waterford Twp. Police v. Mattel, Inc.*,
　321 F. Supp. 3d 1133 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*,
　794 F. App'x 669 (9th Cir. 2020) ..........................................................................................8

*Wochos v. Tesla, Inc.*,
　2019 WL 1332395 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir.
　2021) ...............................................................................................................................7, 8

ii

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

*Yaron v. Intersect ENT, Inc.*,
 2020 WL 6750568 (N.D. Cal. June 19, 2020) ..........................................................................11

*Young v. Ault*,
 2019 WL 1718676 (C.D. Cal. Feb. 25, 2019) ............................................................................3

**Statutes**

15 U.S.C. § 78u-5(e) ........................................................................................................................5

**Rules**

Fed. R. Evid. 201 ...............................................................................................................2, 3, 7 12

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY
REFERENCE AND JUDICIAL NOTICE  CASE NO. 20-CV-05959-RS

Defendants Anaplan Inc. ("Anaplan" or the "Company"), Frank Calderoni, and David H. Morton (collectively, "Defendants") respectfully request that the Court consider certain documents, which are incorporated by reference in the Amended Class Action Complaint ("Complaint" or "¶") (Dkt. No. 36) filed by lead plaintiff Fadel Sakkal ("Plaintiff") and/or are subject to judicial notice, in connection with Defendants' Motion to Dismiss the Amended Complaint ("Motion to Dismiss" or "Mot.").

## I.    INTRODUCTION

The Supreme Court instructs that courts deciding motions to dismiss in securities class actions:

> ***[M]ust consider the complaint in its entirety***, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, ***documents incorporated into the complaint by reference, and matters of which a court may take judicial notice***.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). Courts must also "take into account plausible opposing inferences." *Id.* at 323. The Supreme Court requires this because "[p]rivate securities fraud actions [], if not adequately contained, can be employed abusively to impose substantial costs on companies and individuals whose conduct conforms to the law." *Id.* at 313.

The Ninth Circuit further instructs that courts should not "accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (collecting cases).[1] Although the Ninth Circuit clarified the standards

---

[1] Courts also "need not accept as true Plaintiffs' allegations . . . that are contradicted by" documents incorporated by reference. *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011). Where facts and inferences drawn from these documents conflict with plaintiff's allegations, and the parties do not dispute their authenticity, the Court may consider this discrepancy in evaluating the Complaint. *See, e.g.*, *Paddock v. Dreamworks Animation SKG, Inc.*, 2015 WL 12711653, at *5 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action where plaintiffs misconstrued the allegedly false statements, which was "evident after an examination of the full statements made"), *aff'd sub nom. Roofers Local No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x 376 (9th Cir. 2017).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

1

applicable to the incorporation by reference and judicial notice doctrines in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), the fundamental principles set forth above remain unchanged.

Defendants request that the Court consider specific portions of the following documents attached as Exhibits 1 through 19 to the Declaration of Paul S. Yong ("Ex." or "Exs.") because they are incorporated by reference and/or are properly subject to judicial notice under Federal Rule of Evidence 201. The Court's consideration of these documents is necessary to evaluate the Complaint because Plaintiff alleges that Defendants improperly concealed that Anaplan's billings growth was slowing due to, among other things, undisclosed problems within the sales organization. *See Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *3-5 (C.D. Cal. Dec. 11, 2018) (applying *Khoja* and taking judicial notice of various public statements for the purpose of "respon[ding] to Plaintiff's contention that Defendants concealed relevant information from the market"). Consideration of these documents is also necessary to evaluate the challenged statements, which the Complaint improperly twists out of context and juxtaposes with conclusory and speculative allegations. *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations.") (emphasis in original). All these documents should be considered because they fall within categories that are routinely accepted by courts as incorporated by reference and/or judicially noticeable in securities class actions.

For the Court's convenience, a chart tracking the documents subject to this request and the reasons that the Court may consider them is attached as "**Appendix A**." The Exhibits have also been marked to identify which specific portions Defendants ask the Court to consider. *See Khoja*, 899 F.3d at 999.

## II.    LEGAL STANDARDS

When ruling on a motion to dismiss in a securities class action, "courts must consider the complaint in its entirety," including: (1) documents incorporated by reference, and (2) matters subject to judicial notice. *Tellabs*, 551 U.S. at 322. "These are each distinct concepts" and

2

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

should be analyzed separately. *See City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106 (E.D. Wash. 2013).

**Incorporation by Reference.** The incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Under the incorporation by reference doctrine, the incorporated documents are treated "as though they are part of the complaint itself." *Id*. Courts generally "may assume an incorporated document's contents are true for purposes of a motion to dismiss[.]" *Id.* at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."). To the extent an incorporated document contradicts plaintiff's conclusory allegations, courts need not accept those allegations as true. *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

**Judicial Notice.** Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Young v. Ault*, 2019 WL 1718676, at *2-3 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of 21 "SEC filings and the undisputed facts contained therein, as well as all matters of public record" (citing *Khoja*, 899 F.3d at 1002)); Fed. R. Evid. 201(b). Courts routinely take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (noting that "SEC filings are routinely subject to judicial notice," even if the document was "not mentioned in the [Complaint], nor do plaintiff's claims necessarily depend on it"). Documents that are subject to judicial notice may be considered "without

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE  Case No. 20-cv-05959-RS

converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (citation and internal quotation marks omitted).

## III. THE COURT SHOULD CONSIDER DOCUMENTS PLAINTIFF RELIES ON TO BE INCORPORATED BY REFERENCE INTO THE COMPLAINT.

When deciding a motion to dismiss in a securities class action, the Court is entitled to examine the actual text of documents cited in the Complaint, without having to rely solely on Plaintiff's characterizations. *See Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim."). The Court may consider a document on motion to dismiss "if the plaintiff refers extensively to the document **_or_** the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (emphasis added) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Here, the Court may consider Exhibits 1 through 19 because their contents are referred to extensively throughout the Complaint and/or form the basis of Plaintiff's claims.[2] Specific portions of these documents are also subject to judicial notice for the reasons explained below in Part IV.

**(1) Documents containing Defendants' alleged misstatements and corrective disclosures (Exs. 3, 7, 8, 12).** In deciding a motion to dismiss in a securities class action, courts routinely consider documents containing the alleged misstatements and/or corrective disclosures as being incorporated by reference into the complaint. *See, e.g.*, *Park v. GoPro, Inc.*, 2019 WL

---

[2] Plaintiff admits in the first (unnumbered) paragraph of the Complaint that his claims are "based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of Defendants' public documents; conference calls and announcements made by Defendants; United States Securities and Exchange Commission ("SEC") filings; wire and press releases published by and regarding Anaplan Inc. ("Anaplan" or the "Company"); analysts' reports and advisories about the Company . . . and information readily obtainable on the Internet." Complaint at 1. Every single document that Defendants request the Court to consider as incorporated by reference falls into these aforementioned categories that Plaintiff admits his allegations are "based upon."

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

4

1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference SEC filings, press releases, and earnings call transcripts containing alleged false statements and corrective disclosures); *In re SunPower Corp. Sec. Litig.*, No. 16-cv-04710-RS, 2018 WL 4904904, at *3 (N.D. Cal. Oct. 9, 2018) (Seeborg, J.) (incorporating by reference SEC filings and call transcripts that were referenced "explicitly as the ground[s] for [the company's] false statements and scienter" in the complaint).  Furthermore, when a complaint challenges forward-looking statements, the Reform Act's "safe harbor" requires the court to consider any cautionary language accompanying the forward-looking statements.  *See* 15 U.S.C. § 78u-5(e) (requiring the court to consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant"); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 & n.2 (N.D. Cal. June 2, 2020) (incorporating by reference "the cautionary statements that preceded Apple's earnings calls [and] the risk disclosures in its SEC filings").  The requested documents are:

- **Ex. 3**, an Anaplan Form 10-Q for the second fiscal quarter of 2020, filed with the SEC on September 9, 2019.  Plaintiff relies on Ex. 3 to allege scienter and to purportedly underscore the importance of billings to the Company.  *See* ¶¶ 29, 33, 84.  Defendants offer Ex. 3 so that the Court can consider the full context of the statements and analyze the risk disclosures that Anaplan provided to the market.  *See* Mot. at 3, 15.

- **Ex. 7**, an Anaplan Form 10-Q for the third fiscal quarter of 2020, filed with the SEC on December 9, 2019.  Plaintiff relies on Ex. 3 to allege that Defendants made false and misleading statements.  *See* ¶¶ 7, 61, 64-65, 67.  Defendants offer Ex. 3 so that the Court can consider the full context of the alleged misstatements and analyze the risk disclosures that Anaplan provided to the market.  *See* Mot. at 4-5, 8, 15.

- **Ex. 8**, a published transcript of an Anaplan earnings call held on November 21, 2019.  Plaintiff relies on Ex. 8 to allege that Defendants made false and misleading statements.  *See* ¶¶ 4-5, 50-51, 53-54, 56, 58.  Defendants offer Ex. 8 so that the Court can consider the full context of the alleged misstatements and analyze the risk disclosures that Anaplan provided to the market.  *See* Mot. at 5, 8-9, 14-15.

- **Ex. 12**, a published transcript of an Anaplan earnings call held on February 27, 2021.  Plaintiff relies on Ex. 11 as an alleged corrective disclosure.  *See* ¶¶ 13, 75.  Defendants offer Ex. 11 so that the Court can consider the full context of the disclosure.  *See* Mot. at 5, 24.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

5

**(2)    Form 4s filed publicly with the SEC (Ex. 19).**  Exhibit 19 consists of Form 4s filed publicly with the SEC on behalf of Defendant Frank Calderoni.[3]  The Complaint alleges that Calderoni's sales of Anaplan common stock during the Class Period support an inference of scienter.  These sales were made on:  November 21, 2019; December 10, 2019; January 2, 2020; January 3, 2020; January 10, 2020; February 3, 2020; February 4, 2020; and February 10, 2020.  *See* ¶ 85-86.  Defendants offer Ex. 19 for the limited purpose of showing that Calderoni's stock sales during the Class Period were made pursuant to a preplanned Rule 10b5-1 trading plan, thus negating any inference of scienter.  *See* Mot. at 21.  Although Plaintiff does not "specifically" cite the Form 4s in the Complaint, courts routinely consider Form 4s to be incorporated by reference where, as here, Plaintiff alleges that Defendants' stock sales during the putative class period support an inference of scienter.  *See Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (even when the complaint "does not reference the Form 4's specifically, they necessarily form the basis for Plaintiffs' allegations regarding [defendants'] stock sales because they are the only public source for the allegations concerning the sale dates, number of shares sold, and price per share, all of which come directly from those Form 4's"); *Oklahoma Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (collecting cases holding that Form 4s are incorporated by reference even if not "expressly referenced in the complaint").

**(3)    Anaplan's historical stock trading prices (Ex. 13).**  Exhibit 13 is a chart of the daily historical trading prices of Anaplan common stock from November 19, 2019 through January 6, 2021, as reported by Yahoo! Finance.  Throughout the Complaint, Plaintiff cites Anaplan's historical stock prices for various purposes (*see* ¶¶ 2, 6, 14, 60, 78, 85, 87), and the prices are therefore deemed incorporated by reference into the Complaint.  *See In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015) (historical stock price data incorporated by reference). *See* Mot. at 4-5.

---

[3] Defendants specifically reserve the right to provide the Court with additional SEC filings in order to respond to any additional arguments raised in opposition to Defendants' Motion to Dismiss.

DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE  CASE NO. 20-CV-05959-RS

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

## IV. THE COURT SHOULD TAKE JUDICIAL NOTICE OF SPECIFIC PORTIONS OF THE DOCUMENTS SUBMITTED BY DEFENDANTS.

Specific portions of Exhibits 1 through 19 should also be considered by the Court on the independent grounds that they are properly subject to judicial notice. Under Federal Rule of Evidence 201(b), even if a document is not referenced at all in the complaint, courts may take judicial notice of matters "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Ninth Circuit instructs that courts "need not 'accept as true allegations that contradict matters properly subject to judicial notice;' a party may not avoid dismissal by raising an unreasonable factual dispute." *Golub v. Gigamon Inc.*, 2019 WL 4168948, at \*9 (N.D. Cal. Sept. 3, 2019) (quoting *Sprewell*, 266 F.3d at 988).

District courts across the Ninth Circuit routinely take judicial notice of publicly-available documents in securities class actions for the "purpose of determining what representations [defendants] made to the market," *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at \*1-2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021), and to identify what publicly-available information "the market was aware of." *Prodanova*, 2018 WL 8017791 at \*3-5 (taking judicial notice for the purpose of "respon[ding] to Plaintiff's contention that Defendants concealed relevant information from the market"). Doing so does not require the Court to determine whether what was said in these documents was true; it merely requires the Court to determine *that it was said*, and the fact that a statement was made is not subject to reasonable dispute.

Additionally, courts routinely take judicial notice of documents for background context and to inform the "chronology of events" relevant to the lawsuit. *See Olagues v. Musk*, 2019 WL 3457831, at \*4 (N.D. Cal. July 31, 2019) (taking judicial notice of various documents "for the purpose of informing the Court of the chronology of events" since "[t]hose events are undisputed and can be accurately and readily determined from the publicly filed SEC documents"). The documents from which Defendants request the Court take judicial notice of certain statements/information fall into the following five categories:

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1.    Transcripts of public earnings calls and earnings presentations (Exs. 6, 8, 11-12, 14);

2.    Public SEC filings (Exs. 1, 3-5, 7, 9-10, 17-19);

3.    Analyst reports (Exs. 15, 16);

4.    Anaplan's public website (Ex. 2);

5.    Anaplan's historical stock trading prices (Ex. 13).

To aid in the Court's analysis, Defendants have marked Exhibits 1 through 19 to identify which specific portions of the documents for which Defendants are requesting judicial notice. *See Khoja*, 899 F.3d at 999 ("A court must also consider—and identify—which fact or facts it is noticing").

**(1)    Transcripts of public earnings calls and earnings presentations (Ex. 6, 8, 11, 12, 14).**   It is well-established that transcripts of public earnings calls are routinely subject to judicial notice. *See Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) ("it is appropriate for the Court to take judicial notice of" earnings call transcripts); *Wochos*, 2019 WL 1332395 at *2 (taking judicial notice of earnings call transcripts to "determin[e] what representations Tesla made to the market").   The Court may also take judicial notice of portions of Anaplan's earnings presentations that were publicly disseminated in connection with its earnings calls. *Waterford*, 321 F. Supp. 3d at 1143 (taking judicial notice of presentation that was "publicly available to reasonable investors at the time the defendant made the allegedly false statements"); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (taking judicial notice of presentations to analysts).   Defendants do not request that the Court take judicial notice of portions of these documents for their truth, but merely to show that the statements were made to the public.   The transcripts and presentations have been properly authenticated, and the fact that the statements were made to the public is not subject to reasonable dispute.   The requested documents are:

- **Ex. 6**, earnings presentation slides for the third quarter of Fiscal Year 2020 issued by Anaplan on November 21, 2019.  Defendants request that the Court consider Ex. 6 to

8

demonstrate Defendants' statements to the market regarding Anaplan's billings guidance and projections and to show that the market was aware that Anaplan stated that its quarterly YoY billings growth for the third quarter of Fiscal Year 2020 was 59%. *See* Mot. at 3-4, 11; *see also* ¶ 53.

- **Ex. 8**, a published transcript of an Anaplan earnings call held on November 21, 2019. Defendants offer Ex. 8 to demonstrate that the identified statements were made publicly as of that date. *See* Mot. at 4, 7-8, 13-14.

- **Ex. 11,** earnings presentation slides for the fourth quarter of Fiscal Year 2020 issued by Anaplan on February 27, 2020. Defendants request that the Court consider Ex. 11 to show that the market was aware that its annual billings growth was 44% between Fiscal Year 2019 and Fiscal Year 2020 and that its total billings for the quarter was $126.5 million. *See* Mot. at 4, 8-9; *see also* ¶ 75.

- **Ex. 12**, a published transcript of an Anaplan earnings call held on February 27, 2020. Defendants offer Ex. 12 to demonstrate that the identified statements were made publicly as of that date. *See* Mot. at 4, 23; *see also* ¶ 53.

- **Ex. 14,** earnings presentation slides for the second quarter of Fiscal Year 2020 issued by Anaplan on August 17, 2019. Defendants request that the Court consider Ex. 14 to show that the market was aware that Anaplan stated that its quarterly YoY billings growth was 46% for the second quarter of Fiscal Year 2020. *See* Mot. at 11.

**(2)    Public SEC filings (Exs. 1, 3, 4, 5, 7, 9, 10, 17, 18, 19).**  With limited exceptions (as explained more fully below), Defendants request that the Court take judicial notice of select portions of SEC filings for the same purpose as the earnings call transcripts and presentations—not for their truth, but simply to demonstrate that the statements were publicly made.  District courts in the Ninth Circuit applying *Khoja* routinely take judicial notice of public SEC filings, even if the SEC filings are not referenced in the complaint and/or are outside the putative class period. *See Intel*, 2019 WL 1427660 at \*7 (taking judicial notice of Form 10-K predating the putative class period that was "not mentioned in the [Complaint], nor do plaintiff's claims necessarily depend on it," and noting that "SEC filings are routinely subject to judicial notice"); *Apple*, 2020 WL 2857397 at \*6 (N.D. Cal. June 2, 2020) (noting that "[c]ourts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned" and taking judicial notice of 8 "additional SEC filings that were not cited in the [complaint]").

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

The only instances where Defendants seek to bring in SEC filings for their truth (other than uncontested background facts) are certain Form 4s and proxy statements filed with the SEC, which are routinely subject to judicial notice for the purpose of evaluating whether the alleged insider stock sales raise a strong inference of scienter under *Tellabs*. *See Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (applying *Khoja* and taking judicial notice of fact that defendants "sold their shares pursuant to a 10b5-1 plan"); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("courts in this district have taken judicial notice of SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings"); Mot. at 21.[4]  The requested documents are:

- **Ex. 1**, a Form 10-K for Fiscal Year 2019 filed with the SEC on behalf of Anaplan on March 29, 2019. Defendants offer Ex. 1 for the limited purposes of providing additional uncontested background relevant to Plaintiff's claims. *See* Mot. at 2-3.

- **Ex. 3**, a Form 10-Q for the second fiscal quarter of 2020, filed with the SEC on behalf of Anaplan on September 9, 2019.  Defendants offer Ex. 3 for the limited purposes of showing that Anaplan: (i) included cautionary language in risk disclosures in connection with certain challenged forward-looking statements concerning the Company's sales organization, and (ii) to provide additional uncontested background relevant to Plaintiff's claims. *See* Mot. at 2, 14.

- **Ex. 4**, a Form 8-K filed with the SEC on behalf of Anaplan on November 21, 2019. Defendants offer Ex. 4 for the limited purposes of showing: (i) that the market was aware that Anaplan provided revenue guidance of $346-347 million, and (ii) Anaplan included cautionary language in risk disclosures in connection with certain challenged forward-looking statements concerning the Company's sales organization and financial guidance and expectations. *See* Mot. at 2, 4, 14.

- **Ex. 5**, a Form 10-K for Fiscal Year 2020 filed with the SEC on behalf of Anaplan on March 30, 2020.  Defendants offer Ex. 5 for the limited purposes of providing additional uncontested background relevant to Plaintiff's claims. *See* Mot. at 3.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

---

[4] As discussed above in Part III *supra*, Defendants request that the Court consider the Form 4s (Ex. 19) on the independent basis that they are incorporated by reference in the Complaint.

DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE  CASE NO. 20-CV-05959-RS

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

- **Ex. 7**, a Form 10-Q for the third fiscal quarter of 2020, filed with the SEC on behalf of Anaplan on December 9, 2019. Defendants offer Ex. 7 for the limited purposes of showing that Anaplan: (i) disclosed to the market certain aspects of its business and the timing of transactions during a typical quarter, (ii) included cautionary language in risk disclosures in connection with certain challenged forward-looking statements concerning the Company's results, and (iii) to provide additional uncontested background relevant to Plaintiff's claims. *See* Mot. at 3-4, 7, 14.

- **Ex. 9**, a Form 8-K filed with the SEC on behalf of Anaplan on February 25, 2019. Defendants offer Ex. 9 for the limited purpose of showing that the market was aware that Anaplan stated that its revenue growth was 43% between Fiscal Year 2018 and Fiscal Year 2019. *See* Mot. at 4.

- **Ex. 10**, a Form 8-K filed with the SEC on behalf of Anaplan on February 27, 2020. Defendants offer Ex. 10 for the limited purposes of showing: (i) that the market was aware that Anaplan stated that its total revenue for Fiscal Year 2020 was $348 million and its annual revenue growth increased 45%, and (ii) to provide additional uncontested background relevant to Plaintiff's claims. *See* Mot. at 4, 9; *see also* ¶ 53.

- **Exs. 17 and 18**, Definitive Proxy Statements filed with the SEC on behalf of Anaplan on April 22, 2019 and April 21, 2020. Defendants offer Exs. 17 and 18 for the limited purpose of showing the number of Anaplan shares beneficially owned by Calderoni and Morton. *See* Mot. at 20.

- **Ex. 19**, Form 4s filed with the SEC on behalf of Frank Calderoni in connection with sales made on: November 21, 2019; December 10, 2019; January 2, 2020; January 3, 2020; January 10, 2020; February 3, 2020; February 4, 2020; and February 10, 2020. Defendants offer Ex. 19 for the limited purposes expressed above regarding scienter. *See* Mot. at 21.

(3)     **Analyst reports (Exs. 15, 16).**   It is well-established that "analyst reports are subject to judicial notice not for the truth of their contents, but to determine the information available to the market" at the time of publication. *See Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (taking judicial notice of analyst reports to establish that the market understood the company's "earnings guidance to be $123-127 million"); *Apple*, 2020 WL 2857397 at *6 (taking judicial notice of analyst report "to determine whether and when certain information was provided to the market"). Defendants request that the Court take judicial notice of these analyst reports to show certain information was publicly available to the market as of the time of publication as well as the market's understanding of this public information. The requested documents are:

11

- **Ex. 15,** an analyst report published by Deutsche Bank Securities Inc. on August 27, 2019, titled "All Systems Go." Defendants request that the Court consider Ex. 15 to demonstrate that information was available to the market and analysts' understanding concerning Anaplan's billings. *See* Mot. at 11.

- **Ex. 16,** an analyst report published by Evercore Group L.L.C on November 21, 2019, titled "Larger 'Lands' & 'Expands' Drive Revenue & Billings Outperformance; Initial FY21 Guide Leaves Plenty of Room for Upside; PT to $65." Defendants request that the Court consider Ex. 16 to demonstrate information was available to the market and analysts' understanding concerning Anaplan's billings. *See* Mot. at 11.

**(4)     Anaplan's public website (Ex. 2).**  The Ninth Circuit has established that "[i]n general, websites and their contents may be judicially noticed." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) ("The court may take judicial notice of publicly accessible websites whose accuracy and authenticity is not subject to dispute."). Defendants request that the Court take judicial notice of portions of Anaplan's website, since there is no dispute that this website is both accurate and authentic and therefore subject to judicial notice.  *See* Mot. at 2.

**(5)     Anaplan's historical stock trading prices (Ex. 13).**  "[S]tock price is public information 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' and are the proper subject of judicial notice in a motion to dismiss." *Azar*, 2018 WL 6182756 at *4 (taking judicial notice of the Company's stock prices); *Facebook*, 405 F. Supp. 3d at 828 ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice."). Thus, in addition to being incorporated by reference into the Complaint (*see supra* at Part III.3) the Court may consider Exhibit 13 for the independent reason that it is subject to judicial notice under Rule 201.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 3, 7, 8, 12, 13, 19 under the incorporation by reference doctrine and take judicial notice of Exhibits 1 through 19 under Federal Rule of Evidence 201.  *See also* Appendix A.  In compliance with the Ninth Circuit's guidance in *Khoja*, Defendants have identified the specific

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY
REFERENCE AND JUDICIAL NOTICE  CASE NO. 20-CV-05959-RS

portions of the documents they are requesting the Court to consider by marking such portions in the versions of the documents attached to the Declaration of Paul S. Yong.

Dated: March 8, 2021

KATTEN MUCHIN ROSENMAN LLP

_____*/s/ Paul S. Yong*_____
Paul S. Yong (SBN 303164)
Email:  paul.yong@katten.com
Bruce G. Vanyo (SBN 60134)
Email:  bruce@katten.com
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone (313) 788-4400
Facsimile: (313) 788-4471

Michael J. Lohnes (admitted *pro hac vice*)
525 West Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
Email: michael.lohnes@katten.com

*Attorneys for Defendants Anaplan Inc.,
Frank Calderoni, and David H. Morton*

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE  Case No. 20-cv-05959-RS