Jordan L. Lurie (SBN 130013)
Ari Y. Basser (SBN 272618)
POMERANTZ LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 432-8492
jllurie@pomlaw.com
abasser@pomlaw.com
*Counsel for Lead Plaintiff Fadel Sakkal*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FADEL SAKKAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANAPLAN INC., FRANK CALDERONI, and DAVID H. MORTON,<br><br>Defendants. | Case No. 3:20-cv-05959-RS<br><br>CLASS ACTION<br><br>**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE**<br><br>**JURY TRIAL DEMANDED**<br><br>The Honorable Richard Seeborg<br><br>Date: August 26, 2021<br><br>Time: 1:30 PM<br><br>Courtroom: 3 |

Lead Plaintiff Fadel Sakkal ("Plaintiff") respectfully submits this response in partial opposition to Defendants Anaplan Inc., Frank Calderoni, and David H. Morton's ("Defendants") Request for Consideration of Documents Incorporated by Reference and Judicial Notice in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF No. 40) (the "Request").

## INTRODUCTION

Defendants' Request to notice or incorporate nineteen exhibits stretches the judicial-notice and incorporation-by-reference doctrines past their limits. And the need to reference these exhibits forty-six times to support the argument for dismissal underscores the point that Defendants' perceived deficiencies really have nothing to do with the well-pleaded allegations in the Complaint. Opp'n 1, 13-14, 24. Defendants' Request—for the Court to consider unalleged, extraneous information as true—presents the precise "unscrupulous use of extrinsic documents to resolve competing theories against the complaint," that *Khoja* warns "risks premature dismissals of plausible claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing Fed. R. Civ. P. 12(b)(6)).

Specifically, Defendants improperly attempt to use summary, whole-company headcount numbers in their Forms 10-K (**Exhibits 1 and 5**) to refute well-pleaded allegations of excessive turnover in Anaplan's sales department. *See* part I.A; Br. 4, 13 (citing Exs. 1, 5). Similarly, Defendants rely on information in a Form 8-K (**Exhibit 10**) and in the Company's earnings slides (**Exhibit 11**) to support their fact-specific argument that Defendant Morton was really discussing Anaplan's full-year, not quarterly, Billings growth. *See* parts I.B, II.A; Br. 5, 10 (citing Exs. 10, 11). Moreover, Defendants attempt to proffer a single self-serving line in Calderoni's Forms 4 (**Exhibit 19**) as all the proof needed to establish total compliance with the affirmative defense in Rule 10b5-1(c). *See* part I.C; Br. 21-22 (citing Ex. 19). Further, Defendants' other inappropriate references to Anaplan's post-Class Period sales (**Exhibit 13**) or to unreferenced analyst reports (**Exhibits 15 and 16**) fail to show deficiencies within the four corners of the Complaint. *See* parts II.B, II.C; Br. p. 6 (citing Ex. 13), p. 12 (citing Exs. 15-16). This Court should decline to notice or incorporate these facts into Defendants' Motion.

**ARGUMENT**

Incorporation-by-reference, which treats extrinsic documents as if they were a part of the pleadings, "is a narrow exception . . . not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Tsan v. Seventh Generation, Inc*, No. 15-cv-00205-JST, 2015 U.S. Dist. LEXIS 149042, at *7 (N.D. Cal. Nov. 3, 2015). Incorporation is appropriate only when "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. Otherwise, "the mere mention of the existence of a document is insufficient to incorporate [its] contents." *Id*. Courts uniformly consider a reference "extensive" only when the document is referred to "more than once" or a single reference is "lengthy." *See, e.g.*, *McGovney v. Aerohive Nets., Inc.*, Case No. 18-cv-00435-LHK, 2019 U.S. Dist. LEXIS 228702, *21-22 (N.D. Cal. Aug. 7, 2019).

Similarly, "Rule 201 permits a court to take judicial notice of an adjudicative fact 'not subject to reasonable dispute' because they are either 'generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Sanders v. RealReal, Inc.*, No. 19-cv-07737-EJD, 2021 U.S. Dist. LEXIS 64386, at *12 (N.D. Cal. Mar. 31, 2021) (quoting Fed. R. Evid. 201(b)). "[S]imply because a document is subject to judicial notice 'does not mean that every assertion of fact within that document is judicially noticeable for its truth.'" *Sanders*, 2021 U.S. Dist. LEXIS 64386 at *12 (quoting *Khoja*, 899 F.3d at 999).

**I.    Defendants' SEC Filings (Exhibits 1, 3-5, 7, 9-10, 17-19)**

This Court should reject Defendants' attempt to include material extrinsic to the Complaint in their Motion to Dismiss, under the guise of "providing additional uncontested background relevant to Plaintiff's claims." Req. 15-16 (referencing Exhibits 1, 3, 5, 7, and 10). All agree that "[c]ourt[s] do[] not take notice of the truth of any of the facts asserted" in documents subject to judicial notice. *See, e.g.*, *Wochos v. Tesla, Inc.*, No. 17-cv-05828-CRB, 2019 U.S. Dist. LEXIS 49640, at *6 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021). Specific objections to the Request are below.[1]

---

[1] Plaintiff does not oppose incorporation or notice of the limited facts that Exhibits 3, 4, 7, 9, 17, and 18 were filed in substantially similar form on the respective dates indicated in the Request.

## A.    Defendants' Forms 10-K (Exhibits 1 and 5)

Defendants' Request claims to offer Exhibits 1 and 5 (SEC Forms 10-K) "not for their truth, but simply to demonstrate that the statements were publicly made." Req. 8-9.  In their Brief, however, Defendants rely on Exhibits 1 and 5 to claim that because Anaplan's entire workforce grew from 1,299 employees in 2019 to 1,601 in 2020, there was no excessive turnover in its sales department.  *See* Br. 4, 13.  Not only is this information not alleged in the Complaint, but Anaplan's raw whole-company headcounts are immaterial to well-pleaded allegations that Anaplan's sales department was experiencing undisclosed excessive turnover during the Class Period. ¶¶10, 11, 46-50.  Moreover, Exhibit 5 (filed over a month after the Class Period ended) "post-date[s] the events at issue and cannot establish what the market knew" about the facts alleged in the Complaint.  *In re Energy Recovery Sec. Litig.*, No. 15-cv-00265-EMC, 2016 U.S. Dist. LEXIS 9781, at *7 (N.D. Cal. Jan. 27, 2016); *see also McCoy v. Alphabet, Inc.*, No. 20-cv-05427-SVK, 2021 U.S. Dist. LEXIS 24180, at *5 (N.D. Cal. Feb. 2, 2021) ("It is well-established that courts may take judicial notice of publications introduced to indicate what was in the public realm ***at the time***.") (emphasis added).  The only facts properly noticed from these Exhibits is that each was filed with the SEC on the date indicated and in the same form as attached to the Motion.  *See Khoja*, 899 F.3d at 1000 (holding notice of substantive facts as true was an abuse of discretion).

## B.    Anaplan's Form 8-K Dated February 27, 2020 (Exhibit 10)

Defendants improperly request notice of Exhibit 10 to support their claim that Morton was *really* referring to Anaplan's *full-year* Billings growth, which grew 44%, *not* quarterly Billings, which only grew 25%.  Br. 5, 10.  But as Defendants acknowledge, neither Exhibit 10 nor Anaplan's full-year Billings growth is referenced in the Complaint.  Req. App'x A 1.  And in any event, "the judicial notice doctrine does not permit the Court to resolve disputed issues regarding [Defendants'] actions and motive in [Defendants'] favor at the pleading stage based on the [transcript]."  *See Diversified Capital Invs., Inc. v. Sprint Comm'ns., Inc.*, No. 15-cv-03796-HSG, 2016 U.S. Dist. LEXIS 68757, at *13 (N.D. Cal. May 24, 2016).  This is because courts cannot "notice a [exhibit] when the substance of the [exhibit] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [exhibit] establishes.'"  *See Khoja*, 899 F.3d at 1000 (quoting *Reina-Rodriguez v. United States*, 655

F.3d 1182, 1193 (9th Cir. 2011)). Besides, "[t]he question at this stage is not are there other explanations for [Anaplan's] stock price falling but whether Plaintiff[] adequately stated a claim for securities fraud." *In re Facebook Inc. Secs. Litig.*, 405 F. Supp. 3d 809, 829-30 (N.D. Cal. 2019).

Setting aside these limitations to the judicial-notice doctrine, the fact of Anaplan's full-year Billings growth has little to do with the fraud alleged in the Complaint: Defendants concealed several known material risks to Anaplan's increasing Billings momentum, which materialized via Anaplan's poor fourth quarter Billings growth rate. *See* Opp'n 1-2, 4-9, 10-14, 20-24. This Court should disregard notice of Anaplan's full-year Billings growth.

### C.    Calderoni's Forms 4 (Exhibit 19)

Calderoni's reference to one self-serving line in his Forms 4 (Ex. 19) as conclusive proof of the affirmative defense in SEC Rule 10b5-1(c) is a direct attempt to impermissibly "use the [incorporation-by-reference] doctrine to insert [Defendants'] own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002. Indeed, the safe harbor in Rule 10b5-1(c) is titled "Affirmative Defenses" (17 C.F.R. §240.10b5-1(c)); there can be no dispute that "defendants must produce evidence" proving the elements of Rule 10b5-1(c) "in order to carry their burden." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Defendants argue that "Calderoni's stock sales during the Class Period were made pursuant to a preplanned Rule 10b5-1 trading plan, thus negating any inference of scienter." Req. 6; *see* Br. 21-22. This argument misses the point. Mere invocation of Rule 10b5-1 is insufficient to prove the affirmative defense. *In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1203 (D. Or. 2015) (noting the elements of the affirmative defense in Rule 10b5-1(c) and citing 17 C.F.R. §240.10b5-1(c)). Rather, Calderoni must prove that, *inter alia*, his "sales were pursuant to a binding contract or stock sale plan ***specifying the amount, price, and date of the securities transaction***, or a specific algorithm or formula for determining securities transactions, that was ***entered into before the insider knew about the material nonpublic information***." *Id.* (emphasis added). Not surprisingly, courts routinely reject consideration of Rule 10b5-1(c) in determining the sufficiency of a fraud complaint's scienter allegations. *See, e.g.*, *Ferreira v. Funko Inc.*, No. LACV 20-02319-VAP (PJWx), 2021 U.S. Dist. LEXIS 59102, at *27 (C.D. Cal. Feb. 25, 2021) (refusing to adopt contention that

trades complied with Rule 10b5-1(c) and finding "the Court's consideration of the sufficiency of Plaintiffs' allegations of suspicious stock sales and insider trading are limited to the allegations themselves."); *see also, e.g.*, *In re Mattel Sec. Litig.*, No. 2:19-cv-10860-MCS-PLA, 2021 U.S. Dist. LEXIS 65480, at *20 (C.D. Cal. Jan. 26, 2021) (refusing to notice "disputed facts" in Form 4); *In re Apple Sec. Litig.*, No. 19-cv-02033-YGR, 2020 U.S. Dist. LEXIS 96953, at *63 n.13 (N.D. Cal. June 2, 2020) ("[T]he use of the 10b5-1 trading plan is an affirmative defense that does not rebut well-pled allegations of scienter at the pleading stage."); *Longo v. OSI Sys.*, No. CV 17-8841 FMO (SKx), 2020 U.S. Dist. LEXIS 104520, at *4 (C.D. Cal. Mar. 11, 2020) (refusing to incorporate Forms 4 "because they are being used to support 'a defense to the well-pled allegations in the complaint'") (citation omitted); *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009) (finding allegations of suspicious trading sufficient, while noting "evidence of the nondiscretionary nature of Defendants' sales may *ultimately provide the basis of an affirmative defense at a later stage of the litigation*") (emphasis added).

Defendants' argument lacks legal support. *Azar v. Yelp, Inc.*, cited by Defendants on page 10 of their Request, does not discuss the above requirements, necessary to prove the affirmative defense, and appears to conflict with controlling Ninth Circuit authority prohibiting consideration of "document[s] [that] merely create[] a defense to the well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1002. Moreover, Defendants cannot rely on *Aqua Metals*, *SolarCity*, or *Ixia*, as those cases merely incorporated the "Forms 4 . . . in order to prove that stock sales were made or not made;" none discussed application of the Rule 10b5-1 affirmative defense. *See In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017); *Hampton v. Aqua Metals, Inc.*, No. 17-cv-07142-HSG, 2020 U.S. Dist. LEXIS 214010, at *11 (N.D. Cal. Nov. 16, 2020); *Okla. Firefighters Pension & Ret. Sys. & Okla. Law Enf't Ret. Sys. v. IXIA*, No. CV 13-08440 MMM (SHx), 2015 U.S. Dist. LEXIS 52776, at *46, *127-32 (C.D. Cal. Apr. 14, 2015). *GoPro* is similarly inapposite because, in contrast to the allegations here, that complaint apparently alleged that the defendant "sold his shares pursuant to a 10b5-1 stock sales plan" that was "set up 'a while ago to automatically sell shares.'" *Jong Min Park v. GoPro, Inc.*, 2019 U.S. Dist. LEXIS 42961, *5, *21 (N.D. Cal. March 15, 2019).

The only facts that *Khoja* permits to be "incorporated" are the facts "that a Rule 10b5-1 plan existed and that stock sales were made pursuant to that plan." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (citing *Khoja*, 899 F.3d at 999) (rejecting notice of fact that "this [10b5-1] plan confined Defendants' trading discretion"). There is no evidence indicating when Calderoni entered into the plan(s), nor is there any proving that he executed the plan(s) without awareness of material nonpublic information. Indeed, Calderoni's reference to his alleged 10b5-1 plan is particularly improper because he has never published any of his plans to investors. His adherence to Rule 10b5-1(c) will be heavily disputed at trial. This Court should reject Defendants' improper attempt to incorporate an affirmative defense into the Complaint.

## II.    Anaplan's Other Unfiled Information (Exhibits 2, 6, 8, 11-16)

There is no need to notice (1) Anaplan's stock price after the PSLRA's 90-day lookback (May 27, 2020), (2) other sales metrics, or (3) unmentioned analyst reports, because all of these are "either not referenced in the Complaint, or . . . not necessary to the resolution of Defendants' Motion." *In re Fusion-io, Inc. Sec. Litig.*, No. 13-CV-05368-LHK, 2015 U.S. Dist. LEXIS 18304, at *28 (N.D. Cal. Feb. 12, 2015); *see also Khoja*, 899 F.3d at 1000 n.5 (noting in dicta that "[a]n irrelevant fact could hardly be an 'adjudicative fact.'"); *Nguyen v. City of Buena Park*, No. 8:20-cv-00348-JLS-ADS, 2020 U.S. Dist. LEXIS 188641, at *5 (C.D. Cal. Aug. 18, 2020) (declining to take judicial notice "because the Court does not find the contents of [an exhibit] necessary to resolve this Motion"); *Blye v. Cal. Sup. Ct.*, No. CV 11-5046-DWM, 2014 U.S. Dist. LEXIS 7329, at *3 (N.D. Cal. Jan. 21, 2014) ("[A]n irrelevant fact is one not of consequence in determining the action, *see* Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact."). As with the SEC Filings, Plaintiff does not object to noticing Anaplan's website (Exhibit 2), or that Defendants' earnings calls (Exhibits 8 and 12) and earnings-presentation slides (Exhibits 6 and 14) occurred in the same form and on the dates indicated, but Defendants are not entitled to judicial notice of the truth of their content. *Khoja*, 899 F.3d at 999.

### A.    Slides from Anaplan's February 27, 2020 earnings presentation (Exhibit 11)

As with Anaplan's Form 8-K filed the same day (Ex. 10, *see* part I.B, *supra*), Defendants improperly request notice of some slides from the Company's earnings presentation at the end of the

Class Period to support their contention that Morton's statements from three months prior were not misleading.  Defendants claim that these after-the-fact documents explain and modify his earlier statements, and as a result, his statements cited in the Complaint should be construed not based on their plain text, but assumed as a matter of law to refer only to Anaplan's full-year, not quarterly, Billings momentum.  Defendants abuse the judicial notice doctrine.  By showing the ambiguity, they concede that construing the statements in the manner they choose would require an impermissible resolution of "varying interpretations." *Khoja*, 899 F.3d at 1000.  Additionally, Anaplan's eventual full-year Billings growth has little do to with allegations that Defendants concealed material known risks about their Billings momentum.  *See* part I.B, *supra*.

### B.    Anaplan's post-Class stock prices (Exhibit 13)

Anaplan's "historical stock price, introduced to show that the price rose after the close of the class period [*see* Br. 6], is irrelevant to the motion to dismiss." *In re Amylin Pharms., Inc. Secs. Litig.*, 2002 U.S. Dist. LEXIS 19481, *6 (S.D. Cal. Oct. 9, 2002).  Defendants do not provide any support for considering the Company's stock prices months after the end of the Class Period, and Plaintiff is unaware of any.  Consistent with Defendants' citations to *Azar* and *PetroChina*, Plaintiff does not object to Anaplan's reference to its stock prices from the start of the Class Period to ninety days after the end of the Class Period, consistent with the PSLRA's limitation on damages, *see* 15 U.S.C. §78u-4(e)(1).  *See Azar v. Yelp, Inc.*, No. 18-cv-00400-EMC, 2018 U.S. Dist. LEXIS 200769, at *13 (N.D. Cal. Nov. 27, 2018) (noticing "stock prices during the proposed class period"); *In re PetroChina Co.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015) (same).  Defendants raise no credible argument as to why extraneous data regarding post-Class Period stock prices should be noticed by the Court.  Defendants' citation to *Facebook* is unhelpful because, unlike here, the plaintiff in that case did not oppose notice of post-Class Period stock prices.  *Facebook*, 405 F. Supp. 3d at 828.  Neither Defendants' Brief nor the Request indicates any connection between the allegations and the Company's post-Class stock prices, and any requested notice or incorporation of those prices should be rejected.

### C.    Analyst reports not referenced in the Complaint (Exhibits 15 and 16).

Defendants "undermin[e] . . . the usual pleading burdens" by relying on extrinsic, unalleged analysts' reports to establish the Complaints' allegations.  *See Khoja*, 899 F.3d at 999.  Defendants do

not explain how these reports have any relation to the Complaint's well-pleaded allegations that Defendants acted with scienter in making their misleading statements. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to notice reports "not relevant to the resolution of this appeal"). Even if they could, it is unclear why the Court needs to notice analysts' observations of "high billings growth" (Br. 12); the Complaint already contains several allegations of analysts highlighting the importance of this growth to investors. *See* ¶¶4, 6, 9, 32, 60, 73. Defendants' reliance on *Yaron* and *Apple* is weak because, unlike here, in both of those cases, notice of the analyst reports was uncontested. *See Yaron v. Intersect Ent, Inc.*, No. 19-cv-02647-JSW, 2020 U.S. Dist. LEXIS 219448, at *8 (N.D. Cal. June 19, 2020); *Apple*, 2020 U.S. Dist. LEXIS 96953 at *15.

Moreover, these reports are inappropriate for judicial notice because Defendants have not "shown that these reports were publicly available." *Hsu v. Puma Biotech., Inc.*, 213 F. Supp. 3d 1275, 1282 (C.D. Cal. 2016). Assuming public availability *arguendo*, from their vague references to "certain information" (Br. 11), "[i]t is not clear the precise facts [D]efendants want judicially noticed from these documents, and this confusion reinforces why this doctrine is inappropriate in this instance." *Lake v. Zogenix, Inc.*, No. 19-cv-01975-RS, 2020 U.S. Dist. LEXIS 120965, at *13 (N.D. Cal. Jan. 24, 2020) (refusing to notice analyst reports "referenced in passing only twice").

## CONCLUSION

For the foregoing reasons, this Court should decline to consider (1) the change in Anaplan's total workforce from 2019 to 2020 as a meaningful proxy for the excessive turnover in the Company's sales department (Exs. 1, 5); (2) Defendants' legal conclusion that Calderoni's trades complied with Rule 10b5-1(c) (Ex. 19); and (3) Anaplan's post-Class stock prices, changes in other sales metrics, and unreferenced analyst reports (Exs. 10-11, 13, 15-16). All are substantive facts that are either irrelevant or raise fact contentions inappropriate for resolution at the pleading stage.

Dated: May 7, 2021

Respectfully submitted,
**POMERANTZ LLP**

By:  */s/ Joshua B. Silverman*
Patrick V. Dahlstrom (*pro hac vice*)
Joshua B. Silverman (*pro hac vice*)

Jared M. Schneider (*pro hac vice*)
10 S. LaSalle St., Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
pdahlstrom@pomlaw.com
jbsilverman@pomlaw.com
jschneider@pomlaw.com

Jordan L. Lurie (SBN 130013)
Ari Y. Basser (SBN 272618)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 432-8492
jllurie@pomlaw.com
abasser@pomlaw.com

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

***Counsel for Lead Plaintiff Fadel Sakkal***