Bruce G. Vanyo (SBN 60134)
bruce@katten.com
Paul S. Yong (SBN 303164)
paul.yong@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471

Michael J. Lohnes (admitted *pro hac vice*)
michael.lohnes@katten.com
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061

*Counsel for Defendants Anaplan Inc.,
Frank Calderoni, and David H. Morton*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FADEL SAKKAL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANAPLAN INC., FRANK CALDERONI, and DAVID H. MORTON,<br><br>Defendants. | Case No. 20-cv-05959-RS<br><br>CLASS ACTION<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>The Honorable Richard Seeborg<br><br>Date:  August 26, 2021<br><br>Time:  1:30 PM<br><br>Courtroom:  3 |

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

## I.    INTRODUCTION

Defendants' Request for Consideration of Documents Incorporated by Reference and Judicial Notice (the "Request") meticulously explains why Exhibits 1 through 19 can and should be considered by the Court in connection with the Motion to Dismiss.[1]  Contrary to Plaintiff's suggestion, Defendants' Request fully complies with the Ninth Circuit's instructions in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018).  The Request painstakingly identifies the relevant portions of each exhibit, provides specific reasons why each exhibit should be considered, and cites ample post-*Khoja* case law in support.  *See* Request at 4-12; Appendix A (Dkt. No. 40-1) (chart identifying the proper basis for each exhibit); Exs. 1-19 (identifying the specific portions of each exhibit to be considered).

Nonetheless, Plaintiff has filed a Partial Opposition to Defendants' Request for Consideration of Documents Incorporated by Reference and Judicial Notice ("Partial Opposition" or "Partial Opp.").   The Partial Opposition does not dispute that SEC filings, earnings call transcripts, earnings presentation slides, and analyst reports are routinely considered in securities cases on motions to dismiss.  Nor does it seriously dispute that Defendants' exhibits are publicly-available materials whose accuracy can be readily determined.   Indeed, Plaintiff makes ***no objections whatsoever*** to the majority of Defendants' exhibits (*i.e.*, Exhibits 2, 3, 4, 6, 7, 8, 9, 12, 14, 17, and 18).

Instead, Plaintiff only challenges the purposes for which Defendants seek judicial notice for *eight* exhibits based on a fundamental misunderstanding of Ninth Circuit law.  The mere fact that exhibits may bolster favorable inferences in Defendants' Motion to Dismiss does *not* make them inappropriate for judicial notice—as the Ninth Circuit has instructed, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by

[1]  All capitalized terms not define herein shall have the same meanings ascribed in the Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint ("Mot." or "Motion to Dismiss") (Dkt. No. 33) and/or the Request (Dkt. No. 40).  "MTD Reply" refers to the concurrently filed Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Amended Complaint.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1

exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Moreover, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations," and does not "prevent[] this Court from analyzing an alleged false statement in context." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078 at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original).

As explained in the Request and more fully below, Plaintiff's objections to the eight challenged exhibits are meritless and the additional arguments raised in the Partial Opposition should be disregarded.

## II.    THE COURT SHOULD CONSIDER ALL OF DEFENDANTS' EXHIBITS.

Plaintiff's Partial Opposition only raises limited objections to eight exhibits (Exhibits 1, 5, 10, 11, 13, 15, 16, and 19). Plaintiff concedes that the remaining eleven exhibits are properly subject to incorporation by reference and/or judicial notice. *See* Partial Opp. at 2 n.1, 6 (no objections to Exhibits 2, 3, 4, 6, 7, 8, 9, 12, 14, 17, and 18). Furthermore, Plaintiff does not challenge Defendants' Request to the extent it relies on the incorporation by reference doctrine. *See* Partial Opp. at 3-8 (no arguments based on incorporation by reference).[2]

### A.    Defendants' Forms 10-K (Exhibits 1 and 5).

Plaintiff does not dispute that courts routinely take judicial notice of straightforward business facts like headcounts. *See* Handbook of Fed. Evid. § 201:3 (collecting cases judicially noticing undisputed "[b]usiness, corporate and financial facts"); *see* Request at 9-11. Rather, Plaintiff argues that judicial notice should be denied because Anaplan's headcounts are "immaterial" to the Complaint's allegations of "undisclosed excessive turnover." *See* Partial Opp. at 3. Plaintiff fundamentally misunderstands the law.

---

[2] Although Plaintiff makes brief reference to incorporation by reference in discussing Calderoni's Forms 4 (*see* Partial Opp. at 4-6), it is unclear on what basis Plaintiff is challenging consideration of the Forms 4 because the analysis is improperly conflated. *See City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106 (E.D. Wash. 2013) (judicial notice and incorporation by reference are "each distinct concepts").

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

In evaluating securities fraud claims, courts are allowed to consider judicially noticeable facts to evaluate whether "the relevant context undermines plaintiff's allegations of falsity." *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *11 (N.D. Cal. Mar. 29, 2019); *Eventbrite,* 2020 WL 2042078 at *7 (same). Likewise, here, Defendants offer Exhibits 1 and 5 to provide the "relevant context" to evaluate Plaintiff's speculative CW allegations of "undisclosed excessive turnover." *See Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2, 5 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (considering judicially noticed documents to reject CW's contrary statements, reasoning "the Court need not accept 'unreasonable inferences.'" (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)); *see also* MTD Reply at 7.

Plaintiff's argument that Exhibit 5 was technically filed a month after the Class Period is a red herring. The relevant portion of Exhibit 5 (Anaplan's Form 10-K for FY 2020 and *Q4 2020*) expressly states "*[a]s of January 31, 2020*, we employed 1,601 people." Ex. 5, at 3 (emphasis added). Thus, it clearly refers to events *during* the Class Period (not after). *See Intel*, 2019 WL 1427660 at *7 (taking judicial notice of Form 10-K filed outside the class period that was "not mentioned in the [Complaint], nor do plaintiff's claims necessarily depend on it").[3]

### B.    Anaplan's Form 8-K Dated February 27, 2020 (Exhibit 10)

Plaintiff's Partial Opposition also grossly mischaracterizes Defendants' purpose for offering Exhibit 10. As explained in the Request, Defendants submit Exhibit 10 for the limited purpose of demonstrating Anaplan's total revenue for FY 2020 and YoY growth. *See* Request at 11. Contrary to Plaintiff's assertion, the relevant portion of Exhibit 10 is not subject to reasonable dispute, as it discloses only hard financial numbers—which Plaintiff does not challenge—without further representations or characterizations by Defendants. *See* Ex. 10 at 7 (reporting "[t]otal

---

[3] Plaintiff's citation to *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (C.D. Cal. Jan. 27, 2016) is distinguishable because, there, the court denied consideration of two analyst reports published almost *eight months after* the end of the class period, and the analyst reports "related to a licensing agreement" that itself was announced *seven months after* the end of the class period. *See id*. at *1-3. In contrast, Exhibit 5 expressly pertains to Anaplan's FY 2020 and Q4 2020. Plaintiff's citation to *McCoy v. Alphabet Inc*., 2021 WL 405816, at *2 (N.D. Cal. Feb. 2, 2021) is even more puzzling because that court *granted* judicial notice and did not address the timing of the company's SEC filings at all.

DEFENDANTS' REPLY ISO REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED
BY REFERENCE AND JUDICIAL NOTICE — No. 20-cv-05959-RS

Katten
KattenMuchinRosenmann LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

revenue was $348.0 million, an increase of 45% year-over-year"). The fact that these judicially noticeable facts bolster Defendants' falsity arguments does not render judicial notice improper. *See Intel*, 2019 WL 1427660 at *10 ("Critically, plaintiff must 'demonstrate that a particular statement, when *read in light of all the information then available to the market . . .* conveyed a false or misleading impression." (quoting *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 512 (9th Cir. 1991) (emphasis in original)); *see also Eventbrite*, 2020 WL 2042078 at *7 ("nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context").

Plaintiff's cited cases are not to the contrary. In *Diversified Capital Invs., Inc. v. Sprint Commc'ns, Inc.*, 2016 WL 2988864, at *4 (N.D. Cal. May 24, 2016), the plaintiff "*expressly denie[d]* that the statements in [the press release] [were] truthful representations of Sprint's intent with regard to its termination of the Lease Agreement." *Id.* (emphasis added). Even so, the court took judicial notice of the "facial content of the press release." *Id*. In contrast, Exhibit 10 is completely silent as to Defendants' intent, and Plaintiff does not deny that Exhibit 10 is a truthful representation of Anaplan's financials. *See* Partial Opp. at 3-4. Plaintiff's other case, *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829-30 (N.D. Cal. 2019), is completely inapplicable on this point. There, the court declined to consider the historical stock prices of several unrelated technology companies (including Amazon, Apple, Alphabet, and Netflix) when evaluating defendants' unusual—and legally tenuous—loss causation argument premised on self-professed "'incredible volatility' in the stock market during the Class Period." *Id.*

### C.   Calderoni's Forms 4 (Exhibit 19)

Plaintiff spends a large part of his Partial Opposition attacking the general viability of the Rule 10b5-1 defense on motions to dismiss. *See* Partial Opp. at 4-6.[4] But courts within the Ninth Circuit consistently hold that stock sales made pursuant to a Rule 10b5-1 trading plan do not

---

[4] As this Court has repeatedly noted, "whether [exhibits] may offer a . . . defense in a motion to dismiss, or whether the defense would succeed, goes to the substance of the motion . . . not the admissibility of evidence." *Bos. Ret. Sys. v. Uber Techs., Inc.*, No. 19-CV-06361-RS, 2020 WL 4569846, at *3 (N.D. Cal. Aug. 7, 2020) (Seeborg, J.); *see also McIntosh v. Wells Fargo Bank, N.A.*, No. 20-CV-01649-RS, 2020 WL 3104052, at *3 (N.D. Cal. June 11, 2020) (Seeborg, J.) (finding certain "grievances are substantive arguments . . . rather than true evidentiary objections").

DEFENDANTS' REPLY ISO REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE — No. 20-cv-05959-RS

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

support a strong inference of scienter on motions to dismiss. *See, e.g*, *Sayce v. Forescout Techs., Inc.*, 2021 WL 1146031, at *9 (N.D. Cal. Mar. 25, 2021) (no strong inference of scienter where "defendants' stock sales during the class period were made pursuant to Rule 10b5-1 trading plans"); *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 1056549, at *7 (N.D. Cal. Mar. 19, 2021) ("The Court finds that defendants' stock sales do not support a strong inference of scienter. Except for one stock sale, defendants' stock sales were made to either satisfy tax obligations or according to a 10b5-1 plan."); *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2019 WL 2491935, at *9 (N.D. Cal. June 14, 2019) ("Although [the executive's] sales increased as compared to before the class period, the sales took place according to pre-determined 10b5-1 trading plans and therefore 'rebut [] an inference of scienter.'" (quoting *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1067 n.11 (9th Cir. 2008)); *see also* MTD Reply at 13.

Plaintiff's reliance on dicta from the District of Oregon in *In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1203 (D. Or. 2015) is unpersuasive. *See* Partial Opp. at 4. In *Galena*, the court did not even address whether stock sales made pursuant to a Rule 10b5-1 trading plan can be properly considered on a motion to dismiss. *See id.* Perhaps unsurprisingly, Plaintiff's cited language from *Galena* has *never* been followed by any court in this District (let alone any other district). Likewise, Plaintiff's remaining cases do not come close to establishing a bright-line rule instructing courts to reject consideration of Rule 10b5-1 plans (nor do the cases even cite *Galena*).[5]

---

[5] *See Ferreira v. Funko Inc.*, 2021 WL 880400, at *8, 28-30 (C.D. Cal. Feb. 25, 2021) (*granting dismissal* because stock sales did not create a strong inference of scienter, noting the Forms 4 were "not relevant to the Court's analysis"); *In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *5-6 (C.D. Cal. Jan. 26, 2021) (*taking judicial notice* of Forms 4, with no further analysis or application of any Rule 10b5-1 plans); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *22 n.13 (N.D. Cal. June 2, 2020) (*granting dismissal* because stock sales did not create a strong inference of scienter, noting in dicta that the court was not considering defendants' argument premised on the Rule 10b5-1 plan); *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020) (addressing Forms 4 solely under the incorporation by reference doctrine); *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 976 & n.16 (N.D. Cal. 2009) (holding that stock sales supported inference of scienter where defendants "each sold over 98% of their respective stock holdings" and citing no authority to support Plaintiff's quoted language).

DEFENDANTS' REPLY ISO REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED
BY REFERENCE AND JUDICIAL NOTICE — No. 20-cv-05959-RS

Additionally, courts routinely take judicial notice of SEC Forms 4, "*even when not referenced in the pleading*, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan." *In re Twitter, Inc. Sec. Litig.*, --- F. Supp. 3d ----, 2020 WL 7260479, at \*1 n.1 (N.D. Cal. Dec. 10, 2020) (citing *City of Royal Oak Ret. Sys. v. Juniper Networks*, Inc., 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012)) (emphasis added); *see also HP*, 2021 WL 1056549 at \*3 & n.1, \*7 (taking judicial notice of Forms 4 to demonstrate "defendants' stock sales were made . . . according to a 10b5-1 plan").[6]  It is, thus, uncontroversial for this Court to take judicial notice of Exhibit 19 to properly evaluate whether Calderoni's sales were made pursuant to a Rule 10b5-1 trading plan. *See* Mot. at 21-22; MTD Reply at 13; Request at 10.

**D.     Slides from Anaplan's February 27, 2020 Earnings Presentation (Exhibit 11)**

Plaintiff's Partial Opposition raises only a cursory objection to Exhibit 11.  Notably, Plaintiff does not challenge the accuracy of the slides, nor does he contest that the slides were publicly-available. *See* Partial Opp. at 6-7.  Instead, Plaintiff recycles the same flawed arguments made in connection with Exhibit 10. *See supra* at 3-4.  Like Exhibit 10, the relevant portions of Exhibit 11 only disclose hard financial numbers. *See* Ex. 11 at 5-6 (stating financials for Q4 2020 and FY 2020).  Unlike in *Khoja*, where it was "unclear what exactly [the Company] disclosed" in the earnings call, and defendant made conflicting statements within the same call, 899 F.3d at 1000, there is no ambiguity within this document.  To the extent Plaintiff objects to Defendants'

---

[6] Plaintiff incorrectly argues Defendants cannot rely on *Aqua Metals, SolarCity*, or *Ixia* because those cases only incorporated the Form 4s in order to prove that stock sales were made or not made. *See* Partial Opp. at 5.  That is not the case.  In *Aqua Metals*, the court found "[t]he Form 4's are properly judicially noticed for their truth because they contain relevant information required for an assessment of the [Complaint's] scienter allegations, and their authenticity is not in question." *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at \*4 (N.D. Cal. Nov. 16, 2020). Similarly, *Ixia* does not state the Forms 4 were incorporated to prove that stock sales were made or not made, rather the court held the Forms 4 were incorporated by reference "because they are related to plaintiffs' allegations concerning stock sales by the individual defendants." *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at \*15 (C.D. Cal. Apr. 14, 2015). Finally, Defendants cited *SolarCity* to support the Court's consideration of Anaplan's proxy statements (Exhibits 17 and 18), which Plaintiff does not challenge. *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("Courts in this district have taken judicial notice of . . . proxy statements, even when those documents were not referenced in the pleadings in order to prove that stock sales were made or were not made."); *see* Partial Opp. at 2 n.1.

DEFENDANTS' REPLY ISO REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED
BY REFERENCE AND JUDICIAL NOTICE — No. 20-cv-05959-RS

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

references to Anaplan's full-year billings as a whole, the Ninth Circuit instructs that courts "need not accept as true allegations that contradict matters properly subject to judicial notice; a party may not avoid dismissal by raising an unreasonable factual dispute." *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) (quoting *Sprewell*, 266 F.3d at 988) (internal quotation marks omitted); *see also Intel*, 2019 WL 1427660 at *11; *Eventbrite*, 2020 WL 2042078 at *7.

### E.    Anaplan's Post-Class Period Stock Prices (Exhibit 13)

Plaintiff only objects to consideration of Anaplan's post-Class Period stock prices; he does not object to Anaplan's stock prices during the Class Period. *See* Partial Opp. at 7. Courts within the Ninth Circuit, however, routinely take judicial notice of a company's post-class period stock prices in securities cases. *See, e.g.*, *Facebook*, 405 F. Supp. 3d at 828 (taking judicial notice of Facebook's stock price after the end of the class period);[7] *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *9 (C.D. Cal. Mar. 5, 2021) (same). The Court may properly take judicial notice of all of Anaplan's stock prices. *See* Request at 12.

### F.    Analyst Reports (Exhibits 15 and 16)

Finally, Plaintiff strangely argues that judicial notice of Exhibits 15 and 16 is improper because these exhibits are duplicative of allegations already in the Complaint. *See* Partial Opp. at 8 ("the Complaint already contains several allegations of analysts highlighting the importance of this growth to investors"). Accordingly, there is seemingly no dispute regarding the relevant facts contained in Exhibits 15 and 16, and the Court should consider these exhibits. Furthermore, Plaintiff's attempt to distinguish *Yaron* and *Apple* solely on the basis that judicial notice was uncontested fails, since both courts engaged in fulsome analysis of the issues. *See Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (taking judicial notice of analyst reports to establish that the market understood the company's "earnings guidance to be

---

[7] Plaintiff attempts to distinguish *Facebook*, 405 F. Supp. 3d at 828, solely on the grounds that the plaintiff in that case did not oppose judicial notice of the post-class period stock prices. *See* Partial Opp. at 7. This logic is both unpersuasive and unsupported (in fact, it further demonstrates that consideration of post-class period stock prices is routine and well-accepted).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

7

$123-127 million"); *Apple*, 2020 WL 2857397 at *6 (taking judicial notice of analyst report "to determine whether and when certain information was provided to the market").[8]

## III.    CONCLUSION

For the foregoing reasons, the Court should consider all of the Exhibits to the Declaration of Paul S. Yong in deciding Defendants' Motion to Dismiss.

Dated: June 21, 2021

KATTEN MUCHIN ROSENMAN LLP

_____*/s/ Paul S. Yong*_____
Paul S. Yong (SBN 303164)
Email:  paul.yong@katten.com
Bruce G. Vanyo (SBN 60134)
Email:  bruce@katten.com
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone (313) 788-4400
Facsimile: (313) 788-4471

Michael J. Lohnes (admitted *pro hac vice*)
525 West Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
Email: michael.lohnes@katten.com

*Attorneys for Defendants Anaplan Inc.,*
*Frank Calderoni, and David H. Morton*

---

[8] Plaintiff's superficial argument questioning whether analyst reports are publicly available should be rejected outright.  Plaintiff's own Complaint expressly states it is based on "analysts' reports and advisories about the Company," thus demonstrating analyst reports are publicly available.  *See* Complaint at 2 (first unnumbered paragraph).  As demonstrated in Defendants' cited case law (*see* Request at 11), Courts routinely take judicial notice of analyst reports without requiring any additional evidentiary showing.  And, contrary to Plaintiff's assertion, Defendants have identified precisely what facts Defendants seek judicial notice of.  *See* Exs. 15 & 16 (see red annotations).

DEFENDANTS' REPLY ISO REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND JUDICIAL NOTICE — No. 20-CV-05959-RS